UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES THOMAS CLAGETT III, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NO.   C00-1816-RSM-MAT <br> (CR97-265-RSM) <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner is a federal prisoner currently serving a 370-month sentence for bank robbery. He has filed a *pro se* motion "reopen" his previous motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. #48). Having reviewed the motion to reopen and the balance of the record, the court recommends that petitioner's motion be construed as a successive § 2255 motion and be transferred to the Ninth Circuit Court of Appeals.

## PROCEDURAL HISTORY

On October 23, 2000, petitioner filed his original § 2255 motion. (Dkt. #1). On September 25, 2001, after briefing was complete and a Report and Recommendation had been issued by then-Magistrate Judge Ricardo S. Martinez, the Court denied the motion. (Dkt. #40). Petitioner appealed to the Ninth Circuit but that court denied a certificate of appealability on August 5, 2002. (Dkt. #46).

REPORT AND RECOMMENDATION
PAGE 1

Petitioner filed the instant "motion to reopen" his § 2255 motion on June 16, 2005. (Dkt. #48). The motion to reopen was referred to the undersigned United States Magistrate Judge on June 24, 2005. (Dkt. #49). No response was ordered because it is clear from the face of the petition that petitioner must first seek permission from the Ninth Circuit before his motion to reopen may proceed.[1]

### DISCUSSION

In his motion to reopen, petitioner contends that his sentence is invalid due to "structural error." (Dkt. #48 at 1). Specifically, he argues that his sentence was enhanced based upon facts not submitted to a jury nor proven beyond a reasonable doubt. (*Id*.) For support, petitioner cites the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Further, petitioner asserts that the proper vehicle for him to raise a challenge based on *Booker* is through a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Petitioner is thus implicitly arguing that his motion to reopen should not be construed as a successive § 2255 motion and subject to the stringent requirements that successive motions must meet in order to proceed. To support this proposition, petitioner cites the argument raised by a litigant in a recent Supreme Court case who, like petitioner, filed a Rule 60(b) motion in the district court instead of a successive § 2255 motion. *See Gonzalez v. Crosby*, 2005 WL 1469516 (June 23, 2005). *Crosby* had not been decided at the time petitioner filed his motion to reopen.

*Crosby* has now been decided. In *Crosby*, the question presented to the Supreme Court was "whether, in a habeas case, [Rule 60(b)] motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." 2005 WL 1469516 at *2. As previously

---

[1] In addition, the court notes that petitioner filed another petition which the court previously construed as a successive § 2255 motion and transferred to the Ninth Circuit. *See Clagett v. United States*, Case No. C01-1566R. It appears that petitioner did not receive permission to proceed in that case from the Ninth Circuit.

REPORT AND RECOMMENDATION
PAGE 2

mentioned, if a petition is successive, then it must meet stringent requirements and "be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.* at *4.

The Supreme Court concluded that whether a Rule 60(b) motion should be construed as a successive habeas petition depends on the basis for the Rule 60(b) motion. If the motion advances a "claim," which the Court defined as "an asserted federal basis for relief from a state court's judgment of conviction," *id.* at *4, then the motion should be treated as a successive habeas petition. *Id.* If, on the other hand, the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion should be viewed as a regular Rule 60(b) motion. *Id.* at *5.

Applying the principles articulated in *Crosby* to the present case,[2] the court concludes that petitioner's Rule 60 (b) motion is advancing a claim based on new law, *i.e.*, *Booker*, rather than challenging a defect in the previous proceedings. Indeed, the Supreme Court specifically cautioned against allowing a claim based on new law to proceed as a Rule 60(b) motion: "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* at *4. In addition, allowing such a claim to proceed as a Rule 60(b) motion "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar." *Id.*, *citing* 28 U.S.C. § 2244(b)(3).

Thus, because petitioner's Rule 60(b) motion advances a claim based on new law, it should be construed as a successive § 2255 motion and transferred to the Ninth Circuit for precertification

---

[2] The court notes that *Crosby* expressly limited its holding to petitions brought pursuant to 28 U.S.C. § 2254, not § 2255. *Id.* at *3, n.3. However, as the Court noted, "§ 2255 is similar to, and refers to, the [same] statutory subsection applicable to second or successive § 2254 petitions." *Id.* Consequently, the decision by the Court in *Crosby* is highly persuasive in resolving the present matter, and petitioner has offered no reason not to follow its guidance.

REPORT AND RECOMMENDATION
PAGE 3

1  before it may proceed.  *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 1631; Circuit Rule 22-3(a).  A

2  proposed Order is attached.

3        DATED this 7th day of July, 2005.

4

5                                          /s/ MARY ALICE THEILER
                                           United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE 4